UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOE LETTY JAMES,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No. 14-cv-03889-RMW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 28 |

On February 20, 2015, the court granted defendant's motion to compel arbitration. Dkt. No. 26. Shortly thereafter, on March 13, 2015, plaintiff filed a motion for leave to file a motion for reconsideration. Dkt. No. 28. Pursuant to Civil Local Rule 7-9(d), ] the court asked defendant to file a response to plaintiff's motion, Dkt. No. 29, which they did on March 26, 2015, Dkt. No. 34. Plaintiff filed a reply on March 27, 2014. Dkt. No. 35. Having considered the submissions of the parties, the relevant law, and the record in this case, the court hereby GRANTS plaintiff's motion for leave to file a motion for reconsideration.

Under Civil Local Rule 7-9(b), a party may file a motion for leave to file a motion for reconsideration if the motion is brought with reasonable diligence and is based on one of the following:

ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION
14-cv-03889-RMW                    1

>(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
>(2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
>(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

As plaintiff brought this motion 21 days after the court entered its order granting defendant's motion to compel arbitration, the court is satisfied that plaintiff has acted with reasonable diligence. Plaintiff bases her motion for leave to file a motion for reconsideration on Civil Local Rule 7-9(b)(1) and (b)(3). The court finds that plaintiff has met her burden under Rule 7-9(b)(1) of showing that a material difference in fact or law exists from that which was presented to the court before the entry of its order granting defendant's motion to compel arbitration, and so need not address plaintiff's arguments under Rule 7-9(b)(3).

The court granted defendant's motion to compel arbitration because: (1) the court found that there was an enforceable arbitration clause the cardholder agreement had entered into with HSBC Bank; (2) the arbitration clause encompassed the claims asserted by plaintiff in this case; (3) defendant PRA was authorized to enforce the arbitration clause as the assignee of HSBC's interest in the cardholder agreement; and (4) PRA had not waived its right to arbitrate. *See* Dkt. No. 26.

Plaintiff noted in her opposition to defendant's motion to compel arbitration that there was a Forward Flow Agreement which might affect PRA's rights under the cardholder agreement it purchased from HSBC, and speculated that "[i]t is possible that such an agreement sets forth that Defendant is only purchasing the right to receive payment, and not any other rights held by the respective Capital One entity."[1] Dkt. No. 22, at 11. However, plaintiff's argument was speculative,

---

[1] Plaintiff also raised this point at the hearing on defendant's motion to remand, but, as in her opposition, plaintiff merely speculated that it might contain restrictions on PRA's right to arbitrate.

ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION
14-cv-03889-RMW                                  2

1  and the court did not find it sufficient reason to deny the motion.

2  Following the court's order compelling arbitration, defendant produced a copy of the
Forward Flow Agreement in the state court collection lawsuit filed by PRA in the Superior Court
of Santa Clara.[2] The Forward Flow Agreement, which plaintiff subsequently filed in this case
under seal, *see* Dkt. Nos. 30, 31, contains in a section entitled "Covenants; Conduct of Business
Following Each Closing," the following provision:

> 6.10 Arbitration. Buyer agrees that it shall not use arbitration for collection of debt or otherwise in connection with the Accounts purchased under this Agreement, unless arbitration is commenced by the Borrower or otherwise mutually agreed to by Buyer and Borrower.

Dkt. No. 31-4, at ECF p. 18. Plaintiff argues that this provision meets the standard required for leave to file a motion for reconsideration under Civil Local Rule 7-9(b)(1) because it constitutes a "material difference in fact . . . from that which was presented to the Court before entry of" the order granting defendant's motion to compel arbitration. Dkt. No. 28-1, at 5–6. The court agrees. Additionally, given that the Forward Flow Agreement was in the possession of defendant and only received by plaintiff on March 16, 2015, *see* Dkt. No. 35, at 5, and the fact that the Agreement was apparently only produced after the superior court granted plaintiff's motion to compel discovery responses, *see id*., plaintiff has shown that in the exercise of reasonable diligence she did not know that the Agreement contained a provision limiting PRA's right to arbitrate at the time the court ruled on defendant's motion to compel arbitration. Accordingly, the court finds that plaintiff has made the required showing under Civil Local Rule 7-9(b) and GRANTS plaintiff's motion for leave to file a motion for reconsideration.

Although the parties address the question of how the newly-produced Forward Flow Agreement affects defendant's right to arbitrate in their papers on this motion, defendant requested the opportunity to file a separate opposition to plaintiff's motion for reconsideration in the event that the court granted plaintiff leave to file a motion for reconsideration. Dkt No. 34, at 8 fn.9.

---

[2] *Portfolio Recovery Associates v. Zoe L. James*, Case No. 1-14-CV-265849.

ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION
14-cv-03889-RMW    3

Accordingly, the court sets the following supplemental briefing schedule: (1) plaintiff's motion for reconsideration is due by April 22, 2015; (2) defendant's responsive brief is due by May 6, 2015; and (3) plaintiff's reply brief is due by May 13, 2015.

**IT IS SO ORDERED**.

Dated: March 30, 2015



Ronald M. Whyte
United States District Judge

ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION
14-cv-03889-RMW                            4